JOHN BORG ET AL., PROSECUTORS, v. BOARD OF STATE CANVASSERS OF NEW JERSEY ET AL., DEFENDANTS.

Argued January 8, 1944—Decided January 8, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutors, *William W. Evans.*

For the defendants, *Russell E. Watson, Ralph W. Wescott* and *Arthur T. Vanderbilt* (*Walter J. Bilder* and *Evelyn M. Seufert, amici curiœ*).

The opinion of the court was delivered by

PARKER, J. This is an application for a writ of *certiorari* to review the statement of the Board of State Canvassers provided for by chapter 217 of the laws of 1943 (*Pamph. L., p.* 575) of the result of a referendum election held pursuant to that act, and for a *supersedeas* pending the decision on the writ, if allowed. The application was made to Mr. Justice Porter several days ago, and denied by him; and is now addressed to the court itself.

The substantial attack is directed to chapter 217 of the laws of 1943, the title and preamble of which are lengthy, and need not be reproduced here. Suffice it to say that the act proposes a revised constitution, to be framed by the legislature of 1944, and thereafter submitted as a whole to popular vote; and further provides for a referendum to be voted at the general election of 1943 upon the question propounded in the act of 1943, namely, whether the legislature of 1944 shall be authorized to frame a revised constitution on the lines traced in the 1943 act, and submit it at the regular election of 1944. The 1943 act provides that the referendum vote at the 1943 election be counted, and the result certified, in the same manner as in the case of election of a Governor, and that the Secretary of State certify that result to the legislature of 1944 on the second Tuesday of January. The referendum of 1943 was voted on, the result was favorable, the State Board of Canvassers made its statement of the result on November 30th, 1943, and that statement is apparently ready to submit to the legislature at the time specified in the act of 1943. We are now for the first time, on January 8th, 1944, asked to allow a writ of *certiorari* which would operate as a stay, and necessarily withhold the presentation of that certificate.

We are clear that *allocatur* should be refused. There is no suggestion of any ambiguity or insufficiency in the certificate. *Reed* v. *Board,* 119 *N. J. L.* 115, 118. The *gravamen*

of the argument for prosecutors is that the constitution cannot be amended or revised in any such manner as proposed. But with that question we are not now concerned. All that is before us is the statement of the result of an election, by the statutory body created for that purpose, directing a popular vote authorizing the legislature to prepare and submit to the people a new constitution in complete form, for adoption at an election. It is argued that our present constitution may not be abrogated or amended in that manner; but a decision on that point would be premature. We deem that it is no function of this court to award what would be tantamount to a preliminary injunction against action by the legislature, a co-ordinate branch of the government.

Clearly there is no final action on the plan by either the legislature or the people. No such action can be taken by the people until next November. The result of that election may be favorable or it may be unfavorable. However this may be, the present application is one for a preliminary restraint by the judicial body, and directed to the present legislature, a co-ordinate body, in advance of any action by that body or by the people. Such action, as we have said, is clearly no function of this court.

The application for a writ is therefore denied.